FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC - 7 2004

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MIGUEL CHECO                                                    PLAINTIFF
Reg. No. 39545-054

v.                          2:04CV00012 JMM/JTR

COLE JETER, Warden, FCI-FC; GREG THOMPSON;
RONALD G. THOMPSON; HARRELL WATTS; EDNA
J. PRINCE; JOSE JIMENEZ; MARK SHELDON; GREG
SMITH; KAREN HUNTER; MAURICE JEMOTT; REDA
DAWSON; TERRIE NOVIEL; E. KINEISH; MELVIN SMITH;
FREDRICK GARRIDO; SANDRA KOCHANSKI, M.D.;
and FRANK BLACK, M.D.                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

Plaintiff, an inmate at the Federal Correctional Institute in Forrest City, filed a *pro se Bivens* Complaint[1]. After carefully reviewing Plaintiff's allegations in his Complaint (docket entry #2), Supplemental Amended Complaint (docket entry #9), Second Supplemental Amended Complaint (docket entry #10), and Supplemental Amended Complaint for Damages (docket entry #11), in accordance with its screening function under 28 U.S.C. § 1915A, the Court recommends that Plaintiff's claims against Defendants Jeter, Thompson, Watts, Jimenez, Hunter, Jemott, Kochanski, Black, Sheldon, and Smith be dismissed with prejudice for failure to state a claim for relief. Furthermore, Plaintiff's request to voluntarily dismiss his claims against Defendants Noviel,

---

[1] Plaintiff originally filed a "Petition for Writ of *Habeas Corpus*," which was re-designated by the Court as a civil rights action pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1

Dawson, and Smith will be granted.

## I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's Factual Allegations

Plaintiff's Supplemental Amended Complaint, and Supplemental Amended Complaint for Damages, or Second Amended Complaint, add claims against Defendants Garrido, Kochanski, and Black, and provide additional information concerning the nature of his allegations against the remaining Defendants. Specifically, Plaintiff alleges that:

1) Defendants Jeter, Thompson, Watts, Hunter, and Jemott have failed to respond to or have

2

denied Plaintiff's grievances;

2) Defendants Jeter, Jimenez, Hunter, and Jemott have declined to intervene in Plaintiff's medical care issues;

3) Defendants Garrido, Prince, Kineish, Kochanski, and Black have denied Plaintiff medical care; and

4) Defendants Sheldon and Smith have conspired to retaliate against Plaintiff for filing grievances related to his medical care issues and filed false disciplinary actions against him, resulting in the loss of good time credits and other privileges.

Plaintiff has also alleged general claims of conspiracy on the part of each of the Defendants. Because Plaintiff has failed to state cognizable causes of action against Defendants Jeter, Thompson, Watts, Jimenez, Hunter, Jemott, Kochanski, Black, Sheldon, and Smith, the undersigned recommends dismissal of the claims against them.

## A. Filing False Disciplinary Actions

Plaintiff alleges that Defendants Sheldon and Smith have filed false disciplinary charges against him, in retaliation for his filing of grievances concerning his alleged lack of medical care, and that as a result he lost good time credits, privileges, and was unable to complete the appeal of other grievances. While Plaintiff does not request the reinstatement of his good time, he does seek damages for the incident, and challenges the validity of the disciplinary conviction.

By asserting a due process challenge to his disciplinary conviction and the duration of his sentence, Plaintiff's Complaint fails to state a claim for relief under § 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court held that, if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, a

§1983 action for damages does *not* arise until the conviction or sentence is called into question by the issuance of a federal writ of *habeas corpus*. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended its holding in *Heck* to include prison disciplinary decisions which deprive a prisoner of good time credits. "If success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, *Heck* requires favorable termination of the action in an authorized state tribunal or a federal *habeas* court, even if the claim is for damages rather than earlier release." *Sheldon v. Handley*, 83 F. 3d 231, 234 (8th Cir. 1996).

Here, Plaintiff alleges that he was improperly convicted of a disciplinary violation. Plaintiff's allegations, if proven, would necessarily imply the invalidity of his disciplinary conviction. Because Plaintiff has presented no evidence that he has exhausted his state remedies, a condition precedent to invocation of federal jurisdiction under § 2254, it would serve no purpose for the Court to construe Plaintiff's Complaint as a § 2254 *habeas* petition.

Plaintiff has also alleged that the actions of Defendants Sheldon and Smith, in citing Plaintiff for disciplinary violations, amounted to retaliation for filing grievances related to denial of medical care. However, Plaintiff has failed to state a cause of action against Defendants Sheldon and Smith because neither of these individuals are named parties in Plaintiff's grievances, nor do they appear to have any connection to his claims of denial of adequate medical care. Defendant Sheldon is the operations lieutenant and Defendant Smith is a compound officer; neither are alleged to have had any involvement in the denial of medical care. The Eighth Circuit has held, in *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996), that a Plaintiff must at least allege that the defendants were involved in or affected by his previous litigation, and allege sufficient facts upon which retaliatory animus

4

could be inferred. This Plaintiff has not done.

For all these reasons, the undersigned recommends that Plaintiff's claims against Defendants Sheldon and Smith be dismissed.

## B. Baptist Medical Center Physicians

Plaintiff has alleged that Defendants Kochanski and Black, who are employed as physicians at Baptist Memorial Hospital in Forrest City, which "is under contract with the Federal Correctional Institution at Forrest City," denied him adequate medical care. Defendant Kochanski is the physician who examined Plaintiff and performed an MRI on December 24, 2002, and Plaintiff contends that the results of this MRI are "wholly inconsistent" with other medical reports, because Defendant Kochanski "acted in concert with Defendant Prince and others . . . to deny Plaintiff the care required for Plaintiff's serious medical condition," a back injury. Defendant Black is an emergency room physician at the same hospital, and Plaintiff alleges that he was "abusive," "sadistic," and "rough" in treating Plaintiff when he was brought in following a fall at the Unit.

Section 1983 provides that:

> Every person who, under color of any statute ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

A plaintiff alleging a Section 1983 claim must establish two elements: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was committed "under color of" state law. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 930-31 (1982). The Supreme

Court interprets the phrase "under color of" state law as the equivalent of the "state action" required under the Fourteenth Amendment. *Rendell-Baker v. Kohn*, 457 U.S. 840, 838 (1982). In other words, "the party charged with the deprivation must be a person who may fairly be said to be a state actor."

Nowhere in the Complaint does Plaintiff allege that any of his constitutional or federal rights were violated. Instead, Plaintiff asserts a medical malpractice claim. Furthermore, even if Plaintiff alleged the deprivation of a constitutional right, he fails to allege facts indicating Defendants committed the complained of conduct while acting under color of state law. An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Roe*, 128 F.3d at 1216. In some instances, the government exercises so much control over a private actor, that his or her conduct can fairly be attributed to the government. *Dean v. Olibas*, 129 F.3d 1001, 1005 (8th Cir. 1997). In the present case, Defendants, who are employees of the Baptist Hospital System, are not "state actors." *Lugar*, 457 U.S. at 937. *See also Styles v. McGinnis*, 28 Fed. Appx. 362 (6th Cir. 2001). Because Plaintiff's allegations fail to establish that a state actor deprived him of a constitutional right, his Complaint fails to state a cognizable claim for relief under § 1983 against Defendants Kochanski and Black, and they should be dismissed as party Defendants.

### C. Failure to Process Grievances

Plaintiff contends that Defendants Jeter, Thompson, Watts, Hunter, and Jemott have failed to respond to or have denied Plaintiff's grievances. However, it is well-settled that a prisoner has no constitutional right to an intra-prison grievance system and that the failure to investigate or respond to a prisoner's grievances is not actionable under 42 U.S.C. § 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (finding no constitutional right violated by failure to process

grievances). For these reasons, the Court recommends that Plaintiff's claims that Defendants Jeter, Thompson, Watts, Hunter, and Jemott denied him access to the prison grievance process be dismissed, and Defendants Thompson, and Watts be dismissed as party Defendants.

## D. Failure to intervene in Plaintiff's medical care issues

Plaintiff has also charged Defendants Jeter, Jimenez, Hunter, and Jemott with deliberate indifference for failing to intervene in Plaintiff's medical care issues. Plaintiff states in his Supplemental Amended Complaint (docket entry #9) that Defendant Jeter is the Warden of the FCI-FC Unit, Defendant Jimenez is the Health Service Administrator, Defendant Hunter is the Unit Manager for Plaintiff's housing unit, and Defendant Jemott is a counselor for the housing unit. However, according to Plaintiff's pleadings and their voluminous attachments, none of these Defendants are doctors, nurses, or "involved with medical decisions."

None of these Defendants are in positions to be responsible for Plaintiff's medical care. As the Eighth Circuit noted in *Keeper v. King*, 130 F. 3d 1309, 1314 (8th Cir. 1997), "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability" in a deliberate indifference case. *Id., citing Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995). Because these Defendants were not involved in treatment decisions made by the medical unit's staff and "lacked medical expertise, they cannot be liable for the medical staff's diagnostic decisions." *Id.* For these reasons, Plaintiff's claims against Defendants Jeter, Jimenez, Hunter, and Jemott for failure to provide adequate medical care should be dismissed, and they be dismissed as party Defendants.

## E. Conspiracy Claims

Similarly, because Plaintiff has failed to state cognizable claims as to the above issues, he

has failed to support his allegations as to a civil conspiracy between Defendants Jeter, Thompson, Watts, Jimenez, Hunter, Jemott, Kochanski, Black, Sheldon, and Smith. To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir.1999). Even assuming for the sake of argument that Defendants have engaged in all the acts alleged in his Complaint, Plaintiff has not suffered the deprivation of a constitutional right in his claims.

### F. Denial of Adequate Medical Care Claims

Lastly, Plaintiff has alleged that Defendants Garrido, Prince, and Kineish have denied Plaintiff medical care. Construing Plaintiff's Complaints liberally, the Court concludes that, for screening purposes, Plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 as to these Defendants. Therefore, the Court will order service upon Defendants Garrido, Prince, and Kineish at this time.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's request to voluntarily dismiss his claims against Defendants Noviel, Dawson, and Smith be GRANTED;

2. Plaintiff's claims against Defendants Sheldon and Smith be DISMISSED WITH PREJUDICE for failure to state a claim for relief, and they be dismissed as party Defendants;

3. Plaintiff's claims against Defendants Kochanski and Black be DISMISSED WITH PREJUDICE for failure to state a claim for relief, and they be dismissed as party Defendants;

4. Plaintiff's claims that Defendants Jeter, Thompson, Watts, Hunter, and Jemott have failed to respond to or have denied Plaintiff's grievances be DISMISSED WITH PREJUDICE for failure to state a claim for relief, and Defendants Thompson, and Watts be dismissed as party Defendants;

5. Plaintiff's claims charging Defendants Jeter, Jimenez, Hunter, and Jemott with deliberate indifference for failing to intervene in Plaintiff's medical care issues be DISMISSED for failure to state a claim for relief, and Defendants Jeter, Jimenez, Hunter and Jemott be dismissed as party Defendants;

6. Service is appropriate on Defendants Garrido, Prince, and Kineish. The Clerk of the Court is directed to prepare a summons for Defendants, and the United States Marshal is directed to serve a copy of the Complaint (docket entry #2), Supplemental Amended Complaint (docket entry #9), Second Supplemental Amended Complaint (docket entry #10), and Supplemental Amended Complaint for Damages (docket entry #11), this Order, and summons on Defendants, without prepayment of fees and costs or security therefor.

DATED this 3 day of December, 2004.

_____
UNITED STATES MAGISTRATE JUDGE